IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE,
WESTERN DIVISION

ALFONSO LOPEZ-GOMEZ,

    PLAINTIFF,

VS.                                                   CIVIL ACTION NO.: 14-cv-2309

JIM'S PLACE, LLC AND
COSTA B. TARAS,

    DEFENDANTS.

DEFENDANTS' PRE TRIAL MEMORANDUM

COME NOW your Defendants in this cause who would now respectfully show and state unto this Honorable Court that the following facts and circumstances are pertinent to this controversy:

I

FACTS OF THE CASE

In the Defendants' First Set of Interrogatories, it was asked of the Plaintiff what hours he knew had not been paid for in proper overtime compensation and it also asked him what his figures were concerning all matters that he sought recompense for in this cause. Attached to the Plaintiff's Answers to those Interrogatories was a four (4) page sheet of figures which showed at the bottom thereof that the basic damages monies being sought for having received only regular time for overtime rather than time and a half computed to be the sum of eleven thousand one hundred seventy one dollars and ninety

two cents ($11,171.92). Two weeks ago today, defense counsel received from Plaintiff's counsel a brand new list of alleged overtime hours received and not compensated for in the proper manner. That document showed at the bottom that the Plaintiff was believably claiming the total sum of nine thousand and twenty dollars and ninety four cents ($9,020.94). Plaintiff's figures were clearly explained in Plaintiff's Contentions in the Joint Pre-Trial Order. In this respect, the Plaintiff stated on page 5 thereof that Plaintiff's basic damages, as were provable by actual records, totaled the sum of five thousand nine hundred ninety six dollars and ninety four cents ($5,996.94). That document also contended that the Plaintiff was owed an additional amount of three thousand twenty four dollars ($3,024.00) but it was clear that that figure as stated in the Joint Pre-Trial Order was based upon mere guesswork and gross speculation. It is also to be recalled that the U.S. Department of Labor had found that the Defendants owed the sum of five thousand two hundred fifty three dollars and sixty three cents ($5,253.63) which sum was promptly paid by the Defendants with approximately thirty seven hundred of that amount being paid to the Department of Labor for the sole benefit of the Plaintiff and with a residual from the assessed figure being paid upon his behalf to the Internal Revenue Service as would be owed by him concerning those employment wages.

      The Plaintiff is seeking to double the provable figure of five thousand five hundred ninety six dollars and ninety four cents ($5,596.94) pursuant to his classifications known as liquidated and unliquidated damages. He is also attempting to double the mere

guesswork and gross speculation figure of three thousand and twenty four dollars ($3,024.00) which approach seems to be outrageous since that basic figure cannot be determined by paperwork and, therefore, it is pie in the sky to try to double that sum.

When the Defendants paid to the Labor Department and to the IRS the total sum of five thousand two hundred fifty three dollars and sixty three cents ($5,253.63) news of that payment was promptly received by or upon behalf of the Plaintiff and it required that he apply to the Labor Department to get his money.  However, the Plaintiff refused to take that step.  Instead he sought to file this lawsuit even though the Labor Department assessment had been satisfied.  It is obvious that someone is seeking more dollars than were considered to be owing by the Labor Department who essentially did a two day audit of the books, records and accounts of Jim's Place, LLC and because the Plaintiff is an immigrant who has allegedly severe language problems he cannot be considered as the person who is seeking the extra money.

CONCLUSION

Considering the foregoing, it is also to be recalled that the Plaintiff's counsel is seeking what has to be considered an exorbitant fee in this respect as he is seeking some amount in the twenty three thousand dollar range for obtaining for his client the basic sum of five thousand five hundred ninety six dollars and ninety four cents ($5,096.94) which must bear a credit against same in the amount of five thousand two hundred fifty three

dollars and sixty three cents ($5,253.63) as paid to the Labor Department. Plaintiff's counsel is also seeking compensation for his efforts to obtain the pie in the sky money which is based upon no documentation and upon mere guesswork. Obviously, this case has gone on for more than a year primarily concerning the pie in the sky money considering the fact that the Plaintiff's basic damages must receive a credit against same for the money paid on the Labor Department assessment. It is also to be noted that during the course of the recent Mediation of this case Plaintiff's counsel was requested by defense counsel to produce a copy of his services billing and that request was refused. Defense counsel was allowed to read the billing which he was told would be likely changed thereafter but he was not permitted to receive a copy of the billing for the alleged efforts as performed during the past year and which efforts should be in stone by now assuming their legitimacy. It is the contention of the Defendants additionally that the individual Defendant known as Costa B. Taras has no place in this lawsuit as it is clear that the employer was never Mr. Taras and was only the wholly separate legal entity known as Jim's Place, LLC. Hence, any Judgment to be granted must solely concern Jim's Place, LLC and no other person or entity. It is obvious that much work has been done on this file for very little money prospects other than the outrageous fee that is being pursued by Plaintiff's counsel. Presumably the Court will consider all such pertinent aspects in its fee determination and which determination must be the subject of a separate Hearing following the Trial of the basic case which is to take place on July 20, 2015.

Considering all of the above, the Defendants now request that Judgment be entered in this cause in a reasonable and just manner which is commensurate with the facts as addressed hereinabove.

RESPECTFULLY SUBMITTED:

/s/ THOMAS D. YEAGLIN
Thomas D. Yeaglin, (#8114)
Attorney for Defendants,
Jim's Place, LLC and Costa B. Taras
4646 Poplar, Suite 203
Memphis, TN   38117
901-767-8253

CERTIFICATE OF SERVICE

I hereby certify that I am one of the attorneys for the aforementioned Defendants and that I have forwarded a copy of the foregoing Defendants' Pre Trial Memorandum to adversary counsel in this cause by E-mail and by mailing a copy of same by regular U.S. Mail, postage paid, to the regular and usual offices of said adversary counsel upon this 9th day of July, 2015.

/s/ THOMAS D. YEAGLIN