IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

ALFONSO LOPEZ-GOMEZ,                )
                                    )
     Plaintiff,                     )
                                    )
v.                                  )    No.  2:14-cv-02309-JPM
                                    )
JIM'S PLACE, LLC AND                )
COSTA B. TARAS,                     )
                                    )
     Defendants.                    )
_____

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**
_____

Before the Court is Plaintiff's motion for partial summary judgment, filed on January 15, 2015.  (ECF No. 50.)  For the reasons stated below, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

**I.   BACKGROUND**

**A.   Factual Background**

Plaintiff Alfonso Lopez-Gomez brings this suit for unpaid overtime in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.  Plaintiff worked as a cook for co-Defendant Jim's Place, LLC ("Jim's Place") (ECF No. 50-2 ¶ 4), which is managed in part by co-Defendant Costa B. Taras (ECF No. 52 ¶ 3).  Plaintiff was employed at Jim's Place from "in or around the end of 2010" until March 2014, with a brief

respite at the beginning of 2011.  (Complaint ¶ 9, ECF No. 1; Answer ¶ 9, ECF No. 10.)  Plaintiff's primary responsibilities and duties consisted of the preparation of food for the restaurant's customers.  (Answer ¶ 9.)

Plaintiff was paid straight time pay by check for any hours less than (40) hours in a work week.  (Pl.'s Statement of Undisputed Material Facts in Supp. of Mot. for Partial Summ. J. ("SUMF") ¶ 6, ECF No. 52; Def.'s Response to Pl.'s Statement of Undisputed Material Facts in Supp. of Mot. for Partial Summ. J. ("Response to SUMF") ¶ 6.)  Plaintiff alleges that it is undisputed that he was paid straight time pay in cash for any hours more than forty (40) in a work week for the period of November 2010 to October 10, 2012.  (See SUMF ¶¶ 6-7 (citing Taras Dep. 23:16-24:9, ECF No. 50-3).)  From October 10, 2012 until November 14, 2014, Plaintiff's checks showed a "Misc Pay" category, which Defendant Taras admitted may have been compensation "for hours over 40 in a work week."  (SUMF ¶ 7; Response to SUMF ¶ 7.)

At all relevant times Jim's Place was an "employer" and an "enterprise" as defined in the FLSA.  (See Compl. ¶¶ 4, 6; Ans. ¶ 4; ECF No. 51 ¶ 1.)  Defendant Taras holds a 50% ownership interest in Jim's Place.  (SUMF ¶ 2; Response to SUMF ¶ 2.) Plaintiff asserts that Defendant Taras is also an employer under the FLSA.  (ECF No. 50-1 at 5-6.)

The U.S. Department of Labor (the "DOL") contacted Defendant Taras in January of 2014 and initiated an investigation of potential wage and hour violations. (ECF No. 50 at 2; Taras Dep. 34:19-24.) During the investigation, the DOL explained to Defendant Taras the overtime compensation requirements under the FLSA. (Taras' Dep. 36:5-25). As part of the investigation, the DOL informed Defendant Taras that overtime is to be paid at time and one-half the regular rate when employees work in excess of forty (40) hours in a work week, and that Defendants had paid their employees only straight-time for all the hours worked over forty (40) in a work week. (ECF No. 50-4 at PageID 339.) The Department of Labor issued a report of its investigation and findings on February 21, 2014. (See id. at PageID 342.)

B.  **Procedural Background**

On April 30, 2014, Plaintiff filed the complaint against Defendants. (ECF No. 1.) On May 27, 2014, Defendants filed an answer to the complaint. (ECF No. 10.) On May 30, 2014, Defendant filed a notice of correction to the answer. (ECF No. 14.) On June 24, 2014, Plaintiff filed a motion for protective order on discovery related to Plaintiff's immigration status. (ECF No. 16.) On July 1, 2014, Defendants filed a response in opposition to the protective order. (ECF No. 17.) The motion

was referred to the magistrate judge (ECF No. 18), who granted the motion on June 2, 2014 (ECF No. 23).

On July 24, 2014, the Plaintiff filed a motion to compel initial discovery. (ECF No. 25.) The motion was referred to the magistrate judge on July 24, 2014. (ECF No. 26.) Defendants filed a Response to the motion to compel on July 24, 2014. (ECF Nos. 27, 28.) The motion to compel was denied as moot on July 28, 2014. (ECF No. 32.)

On September 26, 2014, Defendants filed a motion for a protective order. (ECF No. 34.) On September 28, 2014, Plaintiff filed a Response in opposition to the motion. (ECF No. 35.) The motion was referred to the magistrate judge on September 29, 2014. (ECF No. 36.) The motion was granted in part and denied in part on October 1, 2014. (ECF No. 39). On October 9, 2014, Defendant appealed the decision of the magistrate judge. (ECF No. 40.) On October 14, 2014, Plaintiff filed a Response in opposition to the appeal. (ECF No. 41.) On October 21, 2014, the appeal was denied. (ECF No. 44.)

On October 16, 2014, Defendants filed a second motion to compel discovery. (ECF No. 42.) Plaintiff filed a response in opposition to the second motion to compel on October 29, 2014. (ECF No. 48.) The second motion to compel was referred to the magistrate judge (ECF No. 45), and was denied on November 20, 2014 (ECF No. 49).

On January 15, 2015, Plaintiff filed the instant motion for partial summary judgment. (ECF No. 50.) On January 23, 2015, Defendants filed a response in opposition to Plaintiff's motion and supporting memorandum, and a response to Plaintiff's statement of undisputed material facts. (ECF Nos. 51-53.) On February 4, 2015, Plaintiff filed a reply to the response in opposition to the motion for partial summary judgment. (ECF No. 54.)

On June 15, 2015, Plaintiff filed a motion for relief from the mediation requirement. (ECF No. 55.) The motion was granted on June 16, 2015 (ECF No. 56).

**II. STANDARD OF REVIEW**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012) (citing Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984)). "A dispute over material facts is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson v. Liberty

5

Lobby, Inc., 477 U.S. 242, 248 (1986)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Chapman, 670 F.3d at 680 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)); see also Kalich v. AT&T Mobility, LLC, 679 F.3d 464, 469 (6th Cir. 2012).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp., 477 U.S. at 323). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Id. at 448-49 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e)).

"To show that a fact is, or is not, genuinely disputed, both parties are required to either 'cite[] to particular parts of materials in the record' or 'show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.'" Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support

the nonmoving party's case.'" (quoting Celotex Corp., 477 U.S. at 325)).

"The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); see also Emerson v. Novartis Pharm. Corp., 446 F. App'x 733, 736 (6th Cir. 2011) ("'[J]udges are not like pigs, hunting for truffles' that might be buried in the record." (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991))); Chi. Title Ins. Corp. v. Magnuson, 487 F.3d 985, 995 (6th Cir. 2007) ("A district court is not required to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" (quoting Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989))).

"In considering a motion for summary judgment, [a court] must draw all reasonable inferences in favor of the nonmoving party." Phelps v. State Farm Mut. Auto. Ins. Co., 736 F.3d 697, 703-04 (6th Cir. 2012) (citing Matsushita, 475 U.S. at 587). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. (quoting Anderson, 477 U.S. at 251-52). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a

reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Anderson, 477 U.S. at 252).

**III. ANALYSIS**

"Congress enacted the Fair Labor Standards Act of 1938, Pub.L. No. 75-718, 52 Stat. 1060 (codified as amended at 29 U.S.C. §§ 201 et seq.), to compensate those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work." Acs v. Detroit Edison Co., 444 F.3d 763, 764-65 (6th Cir. 2006) (internal quotation marks and citations omitted). "Consistent with this goal, the Act requires employers to pay their employees time-and-a-half for work performed in excess of forty hours per week" exclusive of certain exemptions. Id. (internal quotation marks and citations omitted). Plaintiff seeks summary judgment on four issues related to his FLSA claims for failure to pay adequate overtime compensation: 1) whether Defendants are an "enterprise" as defined in the FLSA; 2) whether Defendant Taras is an "employer" as defined in the FLSA; 3) whether Plaintiff is entitled to liquidated damages under 29 U.S.C. § 216(b) if Plaintiff is awarded damages for overtime compensation; and 4) whether the statute of limitations extends to three years based on willful violations of the FLSA.

**A. Whether Defendants are an "Enterprise" and Whether Defendant Taras is an "Employer" as Defined in the FLSA**

In the motion for partial summary judgment, Plaintiff requests the Court to find as a matter of law that "Defendants are an 'enterprise' covered under the FLSA," and that "Defendant Taras was Plaintiff's 'employer' under the FLSA." (ECF No. 50 at 1; ECF No. 50-1 at 6.) The parties do not dispute that Jim's Place, LLC meets the requirements for an "enterprise" under the FLSA. (See ECF No. 51 at 1-2.) Nor do the parties dispute that Jim's Place, LLC qualifies as an "employer" under the FLSA. (See id.; Ans. ¶ 4.) Defendants contend, however, that Defendant Taras is not an "enterprise" and cannot be held individually liable as an "employer" under the FLSA. (ECF No. 51 at 2-3.)

Relevant to the instant case, the FLSA defines the phrase "[e]nterprise engaged in commerce or in the production of goods for commerce" as an enterprise that 1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and [2)] is an enterprise whose annual gross volume of sales made or business done is not less than

9

$500,000 . . . ." 29 U.S.C. § 213(s)(1)(A). Additionally, the FLSA defines the term "enterprise" as

> the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor.

29 U.S.C. § 203(r)(1). The term "employer" is defined in relevant part in the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Fegley v. Higgins, 19 F.3d 1126, 1131 (6th Cir. 1994) (internal quotation marks omitted); see also U.S. Dep't of Labor v. Cole Enterprises, Inc., 62 F.3d 775, 778 (6th Cir. 1995); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991).

Plaintiff argues that the Defendants collectively are an "enterprise" because "Defendants have engaged in related activities through unified operation or common control for a common business purpose at Jim's Place, LLC, located at 518 Perkins Extended, Memphis, TN 38117." (ECF No. 50-1 at 5.)

Plaintiff further argues that Defendant Taras is an "employer" under the FLSA because Defendant Taras 1) is a 50% owner of Jim's Place, LLC; 2) "is responsible for overseeing the restaurant and is onsite daily;" 3) "hired Lopez-Gomez;" 4) "set Plaintiff's rate of pay and made the decision not to pay Plaintiff for any time worked over forty (40) hours per week at the proper overtime rate;" 5) "made the decision to pay Plaintiff a salary of $678 per week" after the Department of Labor initiated its investigation; and 6) "made all final decisions on the hourly rates of employees." (Id. at 6.)

Defendants argue that Defendant Taras has not formed an "enterprise" with Jim's Place, LLC because the purpose of the limited liability corporation was to carry out the enterprise. (ECF No. 51 at 1.) Defendants maintain that the wholly independent entity known as Jim's Place, LLC is the enterprise whereas Defendant Taras is merely an owner with managerial duties. (Id.) Defendants further argue that Defendant Taras is not individually liable as an employer because Jim's Place, LLC was the only employer and Defendant Taras shared managerial duties with his son. (Id. at 1-2.)

The Court agrees with Plaintiff. In Fegley, the Court of Appeals found that the individual defendant was an "employer" jointly and severally liable with the defendant corporation because the individual defendant was the chief executive officer

of the defendant corporation, "had a significant ownership interest in it, controlled significant functions of the business, and determined salaries and made hiring decisions." 19 F.3d at 1131. Similar circumstances exist in the instant case. "Defendants admit that Costa B. Taras was responsible for primarily overseeing the restaurant . . . ." (ECF No. 52 ¶ 3.) Defendants also admit that Defendant Taras established the hourly rate for employees and "made that decision across the board for those in the same position as was the Plaintiff." (Id.) Defendants do not dispute that Defendant Taras was the person who hired Plaintiff as well as other employees. (Id. ¶ 10.) Additionally, Defendants do not dispute that Defendant Taras holds a 50% ownership interest in Jim's Place, LLC. (Id. ¶ 2.)

Due to the considerable operational control Defendant Taras possessed over Jim's Place, LLC and the circumstances surrounding Plaintiff's overtime wage claims, the Court finds as a matter of law that Defendant Taras is an "employer" under the FLSA. Accordingly, Defendant Taras is jointly and severally liable for any damages assessed to Jim's Place, LLC.

## B. Whether Plaintiff is Entitled to Liquidated Damages under 29 U.S.C. § 216(b) if Plaintiff is Awarded Damages for Overtime Compensation

Plaintiff next requests the Court to "find as a matter of law that Defendants cannot establish that liquidated damages, available to Plaintiff via 29 U.S.C. § 216(b), are not recoverable in this case." (ECF No. 50 at 1.) Put more simply, the issue raised by Plaintiff is whether Plaintiff is entitled to liquidated damages as a matter of law in the event that the trier of fact finds that Plaintiff is entitled to overtime compensation. (See ECF No. 50-1 at 10.)

> The FLSA requires employers to pay their employees "at a rate not less than one and one-half times the regular rate" for work exceeding forty hours per week. 29 U.S.C. § 207(a)(1). Employers who fail to do so may be liable to their affected employees "in the amount of their . . . unpaid overtime compensation" and "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Moran v. Al Basit LLC, No. 14-2335, 2015 WL 3448655, at *3 (6th Cir. June 1, 2015). "Liquidated damages under the FLSA are compensation, not a penalty or punishment." Martin v. Indiana Michigan Power Co., 381 F.3d 574, 584 (6th Cir. 2004) (internal quotation marks omitted). Moreover, "liquidated damages are the norm and have even been referred to as 'mandatory.'" Id.

A court may refuse to award liquidated damages only if the employer shows that it 1) acted in good faith; and 2) had

reasonable grounds for believing that it was not violating the FLSA. Dole v. Univ. Hosp. Home Care Serv., 276 F.3d 832, 840 (6th Cir. 1991). "To prove that it acted in good faith, an employer must show that it took affirmative steps to ascertain the Act's requirements, but nonetheless violated its provisions." Martin, 381 F.3d at 584 (internal quotation marks and original alterations omitted). "[I]gnorance of the law, adherence to [] cultural practices, and language difficulties" by themselves are insufficient to establish good faith. Solis v. Min Fang Yang, 345 F. App'x 35, 39 (6th Cir. 2009). Mere conformity with industry-wide practices also fails to establish good faith. Solis v. Cascom, Inc., No. 3:09-CV-257, 2011 WL 10501391, at *7 (S.D. Ohio Sept. 21, 2011) (collecting cases).

If the employer is able to establish good faith, the employer must also show that its "failure to obey the statute was . . . predicated upon such reasonable grounds that it would be unfair to impose upon it more than a compensatory verdict." Elwell v. Univ. Hospitals Home Care Servs., 276 F.3d 832, 840 (6th Cir. 2002) (internal quotation marks and original alterations omitted). "[The] burden on the employer is substantial, . . . and if the employer fails to carry it, the court may not limit or deny liquidated damages." Martin, 381 F.3d at 584.

14

Defendants' sole argument against the finding sought by Plaintiff is that "[t]he Defendants deny that this Court should find, as a matter of law, that the Plaintiffs are entitled to liquidated damages pursuant to 29 U.S.C. § 20-216(B) regarding the matters that are involved in this controversy." (ECF No. 51 at 2.) In their response to Plaintiff's statement of undisputed facts, Defendants state further that the practice of paying straight time in case for overtime pay was a standard practice for all employees. (ECF No. 52 ¶¶ 6-8.)

Defendants' arguments fail. Even assuming that Defendants failure to provide overtime compensation was a practice applied to all their employees, this is hardly grounds for establishing good faith. Defendants do not deny that they failed to consult with an accountant, attorney, or anyone else in establishing their overtime practices. (SUMF ¶ 10; Response to SUMF ¶ 10.) Defendants have not pointed to any effort taken to ascertain the FLSA's overtime compensation requirements. (See ECF Nos. 51-53.) Nor have Defendants asserted any conceivable reasonable grounds for failing to provide satisfactory overtime compensation to Plaintiff. Accordingly, the Court finds that considering all of the evidence in the light most favorable to Defendants, Defendants as a matter of law cannot establish good faith and reasonable grounds for failure to pay the requisite

overtime compensation. Consequently, Plaintiff is entitled to liquidated damages if he is awarded damages for overtime pay.

**C. Whether the Statute of Limitations Extends to Three Years Based on Willful Violations of the FLSA**

Under 29 U.S.C. § 255(a), a two-year statute of limitation applies to a cause of action brought under the FLSA for unpaid overtime compensation, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." To fall under the "willful" three-year statute of limitation, the plaintiff must show "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). An employer who merely acts unreasonably or negligently towards an employee in violation of the FLSA, however, does not act willfully. Elwell, 276 F.3d at 842 n.5; Hall v. Cocke Cnty., Tenn., 940 F.2d 660 (6th Cir. 1991) (unpublished table decision) (citing McLaughlin, 486 U.S. at 134).[1] The employer's conduct must rise to the level of recklessness. Hall, 940 F.2d 660.

---

[1] The Eleventh Circuit has held that "reckless disregard" of FLSA requirements can be established by demonstrating a "failure to make adequate inquiry into whether conduct is in compliance with the Act." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1280 (11th Cir. 2008) (internal quotation marks omitted). The Eleventh Circuit's definition is based on a definition included in 5 C.F.R. § 551.004. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1163 (11th Cir. 2008). 5 C.F.R. § 551.004 is a regulation from the Office of Personnel Management. The Secretary of Labor, not the Office of Personnel Management, has been expressly granted authority by Congress to interpret the FLSA. Auer v. Robbins, 519 U.S. 452, 4544-56

16

Plaintiff asserts two primary bases for establishing Defendants' willful violation of the FLSA. First, Plaintiff argues that Defendants were made aware of overtime compensation requirements during an investigation initiated by the Department of Labor, and subsequently failed to pay time and a half for overtime worked. (ECF No. 50-1 at 10.)

It is well-established under Sixth Circuit precedent that an employer who has previously been investigated for FLSA violations has actual notice of FLSA overtime compensation requirements. See Herman v. Palo Grp. Foster Home, Inc., 183 F.3d 468, 474 (6th Cir. 1999); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 967 (6th Cir. 1991). In the instant case, Plaintiff has not alleged that Defendants were previously investigated for FLSA violations. Rather, the evidence establishes that a Department of Labor investigation was initiated in January 2014 (Taras Dep. 34:19-24), that an initial conference between Defendants and the Department of Labor occurred on February 3, 2014 (ECF No. 50-4 at PageID 338), that a final conference was held on February 7, 2014 (id.), and that the Department of Labor issued its findings in a report on February 21, 2014 (id. at PageID 342). It is also undisputed

---

(1997). When an agency interprets a statute that it is not charged with enforcing, its interpretation is entitled to deference "only to the extent it is persuasive." Gonzales v. Oregon, 546 U.S. 243, 269 (2006). Because the regulation appears to include mere negligence in its ambit, the Court finds the Office of Personnel Management's definition unpersuasive.

that Plaintiff was paid a weekly salary of $678 per week beginning on February 15, 2014.  (Response to SUMF ¶ 15.)  Moreover, this amount is significantly higher than the minimum weekly salary requirement of $455 per week for certain exempt employees under the FLSA.  <u>See</u> 29 C.F.R. §§ 541.100, 541.200, 541.300.

Although Plaintiff asserts that Defendants knowingly violated the FLSA after being informed of the relevant FLSA requirements during the Department of Labor's investigation, the evidence, when considered in the light most favorable to Defendants, shows that Defendants made changes to comply with the FLSA.  Accordingly, Plaintiff has not established as a matter of law that Defendants knowingly violated the FLSA.  Because the parties have not put forth arguments as to the applicability of certain FLSA exemptions to Plaintiff, that issue will be reserved for trial.

Plaintiff's second basis for finding that Defendants willfully violated the FLSA as a matter of law is that "Defendants did not make any attempt to consult with any professional (e.g., an attorney, accountant, or the U.S. Department of Labor) to ensure the payment (or nonpayment) of overtime complied with the FLSA."  (ECF No. 50-1 at 8.)  This argument also fails.  Considered in the light most favorable to Defendants, mere failure to consult a professional prior to

determining the amount of overtime compensation to pay employees may constitute negligent or unreasonable conduct, but does not rise to the level of recklessness.  Accordingly, the issue of whether Defendants recklessly disregarded FLSA requirements in failing to pay Plaintiff adequate overtime compensation is also reserved for trial.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for partial summary judgment (ECF No. 50) as to whether Defendants are an enterprise under the FLSA, whether Defendant Taras is jointly and severally liable as an employer under the FLSA, and whether Plaintiff is entitled to liquidated damages under the FLSA should the trier of fact award Plaintiff overtime compensation.  The Court DENIES Plaintiff's motion as to whether the statute of limitations extends to three years as a matter of law.

**IT IS SO ORDERED** this 10th day of July, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE